**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**
_____

**Tidiane WAGUE,**
**(A# 087-985-149)**

                               *Petitioner*,              **COMPLAINT**
                                             **FOR WRIT OF MANDAMUS**

          **versus**                        5665  **Civ. 2021**

**U.S. Attorney General Merrick Garland, U.S.**
**Department of Homeland Security, Its Secretary**
**Alejandro Mayorkas, and U.S. Citizenship &**
**Immigration Services and Its Acting District**
**Director Tracy Renaud, and the Federal Bureau**
**of Investigation and Its Director Christopher A.**
**Wray,**

                                *Respondents.*
_____

## I. INTRODUCTION

Petitioner, Tidiane Wague, hereinafter "Mr. Wague," by and through his undersigned counsel, brings this Writ of Mandamus action against U.S. Attorney General Merrick Garland, "Attorney General," U.S. Department of Homeland Security, "USDHS," Its Secretary Alejandro Mayorkas, "Mayorkas" and U.S. Citizenship & Immigration Service, "USCIS" and Its Acting District Director Tracy Renaud, "Renaud," and the Federal Bureau of Investigation, "FBI," and Its Director Christopher A. Wray, "Wray," collectively referred to as Respondents for having delayed the processing of his Naturalization application, Form N 400, and complaining of the Respondents says:

## II. JURISDICTION

1.  This action arises under the Constitution of the United States, the Immigration and Nationality Act, "INA," 8 U.S.C. §1101 *et seq.,* and the Administrative Procedure Act ("APA"), 5 USC §701 *et seq.*

### III. VENUE

2.   Venue lies in the United States District Court for the Southern District of New York. This is the judicial district where Respondents as officers or employees of the United States or any agency thereof acting in their official capacity or under color of legal authority, or an agency of the United States, or the United States, and a substantial part of the events or omissions giving rise to Mr. Wague's claim has occurred. 28 USC §1391(e)(1)(B).

### IV. PARTIES

3.   Mr. Wague is a 47 year old-male and a Citizen of Touba, Mali. His Immigration File No. is A# 087-985-149.

4.   Merrick Garland is the U.S. Attorney General of the United States. As such, his is responsible for overseeing the enforcement of our federal immigration laws.

5.   Alejandro Mayorkas is the Secretary of USDHS. As such, he is responsible for the implementation and enforcement of the Immigration and Nationality Act ("INA").  He has the ultimate authority over Mr. Wague's Naturalization application and USCIS operation as a sub-agency of USDHS reviewing applications such as the one Mr. Wague seeks review by this Court.

6.   USCIS is a sub-agency created under USDHS.  USCIS is responsible for administering oaths and processing applications for U.S. Citizenship and lawful permanent residency. It functions under the Acting District Director or District Director.

7.   The FBI is named as a party since they are in charged with the responsibility of reviewing and providing USCIS with fingerprint clearances before Mr. Wague may be scheduled for an Oath Ceremony.

### V. EXHAUSTION OF REMEDIES

8.   There are no exhaustion-of-remedy requirements that applies to Mr. Wague's

complaint for a Declaratory Judgment of Naturalization. The complaint is properly filed since more than "120 days after the examination" have elapsed. *See* 8 USC § 1447(b). Nonetheless, Mr. Wague has inquired as to the status of his application without being informed why his application for naturalization has been delayed.

## VI. STATEMENT OF FACTS

9.      On December 13, 2017, Mr. Wague filed his application for Naturalization Immigration Form N-400 and paid all required fees.

10.     Mr. Wague was scheduled for biometrics.

11.     Mr. Wague appeared for his biometrics interview and his biometrics were taken by an USCIS employee.

12.     On March 7, 2019, Mr. Wague was scheduled for his Naturalization interview at 26 Federal Plaza, New York, New York.

13.     On March 7, 2019, Mr. Wague appeared before ISO Moore who examined Mr. Wague regarding his N400, Naturalization application.

14.     On March 7, 2019, ISO Moore informed Mr. Wague that he wanted to take his sworn statement regarding his name and identity and as well as other basic information regarding his eligibility for naturalization.

15.     On March 7, 2019, ISO Moore, with the consent of Mr. Wague, obtained a sworn statement from Mr. Wague regarding his N400, Naturalization application.

16.     Based on information and belief, although not in the possession of Mr. Wague, on March 7, 2021, ISO Moore would have informed Mr. Wague in writing that he had passed the tests of English and U.S. history and government and USCIS will send him a written decision about his application.

17.     Based on information and belief, although not in the possession of Mr. Wague, on

March 7, 2021, ISO Moore would have informed Mr. Wague in writing that a decision cannot

yet be made about his application.

18.     Based on information and belief, although not in the possession of Mr. Wague, on

March 7, 2021, ISO Moore would have given Mr. Wague a letter containing a notation at the

bottom which stated:

> **NOTE**: Please be advised that under section 336 of the Immigration
> and Nationality Act INA), you have a right to request a hearing before an
> immigration officer if your application is denied, or before the U.S.
> district court if USCIS has not made a determination on your application
> within 120 days of the date of your examination.

19.     Section 336(b) of the INA specifically states:

> If there is a failure to make a determination under section 335 before
> the end of the 120-day period after the date on which the examination
> is conducted under such section, the applicant may apply to the United
> States district court for the district in which the applicant resides for a
> hearing on the matter. Such court has jurisdiction over the matter and may
> either determine the matter or remand the matter, with appropriate
> instructions, to the Service to determine the matter.

20.     Not including the 120 days which USCIS has by law to adjudicate the

Mr. Wague's Naturalization application, it has been over two (2) years without USCIS

adjudicating Mr. Wague's Naturalization application nor has he received any notification from

USCIS as to the day of his Oath Ceremony.

21.     Although Mr. Wague does not have to exhaust any administrative remedies, on

October 9, 2019, he contacted USCIS regarding the delay of his Naturalization application.

22.     On October 29, 2020, USCIS informed Mr. Wague in a letter that they are still

reviewing his Naturalization application.

23.     Although Mr. Wague does not have to exhaust any administrative remedies, on

February 3, 2020, he contacted USCIS regarding the delay of his Naturalization application.

24.     On February 4, 2020, USCIS informed Mr. Wague in a letter that they are still reviewing his Naturalization application.

25.     Although Mr. Wague does not have to exhaust any administrative remedies, on October 28, 2020, he contacted his Congressional Representative regarding the delay of his Naturalization application.

26.     Mr. Wague has not received any response from his Congressional Representative.

## VI. LEGAL FRAMEWORK

### A.  NATURALIZATION

27.     Mr. Wague is a lawful permanent resident of the United States having obtained his residency on January 9, 2013.

28.     Mr. Wague has resided as a lawful permanent resident for the required statutory period of time necessary to qualify him to be eligible to file for Naturalization. *See*: INA §316(a).

29.     Beginning ninety days before the completion of the required residency period, applicants for naturalization may commence the application process by submitting form N-400 to the Service Center with jurisdiction over their place of residence for preliminary processing along with the required filing fees and an additional fee for processing of their biometrics.  8 C.F.R. §§310.2; 334.2(a); 103.7.

30.     The Service Center processes the application and schedules the applicant for Biometrics and for an examination. 8 C.F.R. §310.2, 334.2(a).

31.     The case is then transferred to the District office for the naturalization interview and examination.

32.     The regulations require that the interview and examination cannot be scheduled until USCIS has received a definitive response from the FBI that a full criminal

5

background check of the applicant has been completed. 8 C.F.R. §335.2(b).

33.     The fingerprints are obtained at the local Application Support Center and are electronically transmitted to the FBI.   In most cases, the FBI processes and returns the results to USCIS within 24 hours.

34.     Based on information and belief, cases are being scheduled for an interview and examination at the USCIS New York, New York local office within 3 to 4 months from the time of filing.

35.     The applicant must appear for an initial examination. INA §335(a); 8 U.S.C. §1446(a); 8 C.F.R. §335.1.

36.     At the examination, the applicant is interviewed regarding the responses on the N-400 to determine statutory eligibility for naturalization and to elicit all information on eligibility. 8 C.F.R. 335.2(a).

37.     Generally, the applicant must demonstrate the required period of physical residency, good moral character during that period, and also demonstrate that he or she is positively disposed to the principals of the United States Constitution and willing to take an Oath of Allegiance to the United States. 8 C.F.R. §335.2(a).

38.     The applicant is also required to pass a test of English comprehension including written and spoken English, unless exempted. 8 C.F.R. §312.1(c)(1).

39.     If there are any deficiencies in the application, or the individual does not pass the English or civics examination, the applicant is offered the opportunity to overcome the deficiencies, and/or retake the examination.

40.     The applicant must be offered at least 60 days to overcome such deficiencies. 8 C.F.R. §335.3(b).

41.     If the applicant does not pass the English or civics exam, he or she will be

offered a second opportunity to take the test within 90 days. 8 C.F.R. §312.5(a).

42.     Under all circumstances, the regulations require USCIS to schedule a second interview within the 120 day period after the initial application and/or make a decision to grant or deny a naturalization application within 120 days of the interview. 8 C.F.R. §335.3(a).

43.     The statute confirms that if USCIS does not make a decision within the 120 day period after the examination, the applicant may request that the U.S. District Court take jurisdiction over the case and intervene either by deciding to naturalize the applicant or by ordering USCIS to make a decision on the case. INA §336(b), 8 U.S.C. §1447(b).

44.     The USCIS officer must grant the application if the applicant has complied with all the requirements for naturalization.

45.     There is no discretion involved in these determinations. 8 C.F.R. §335.3(a).

46.     If the application is denied, such denial must be within 120 days of the initial interview. 8 C.F.R. §336.1(a).

47.     Such denial must be written in narrative form and contain a concise, clear explanation of the facts which serve as the basis for the denial, the section of law applicable which bars the applicant from admission to citizenship, and the legal reasons supporting the denial. 8 C.F.R. §336.1(b).

48.     It must also include an explanation of the applicant's right to administrative review. *Id.* This notice must be served in person or by certified mail at the applicant's last known address. 8 C.F.R. §336.1(c).

49.     The application and file are then transferred to the USCIS officer in charge of conducting administrative reviews of denials.  8 C.F.R. §335.4.

50.     If the case is approved, the applicant is scheduled for an Oath ceremony at which time the individual formally takes an Oath of Allegiance to the United States and receives his or her naturalization certificate. INA §337(a), 8 U.S.C. §1448(a).

51.     Mr. Wague has complied with all statutory and regulatory requirements for his application for naturalization. He is eligible for citizenship as a matter of law, and there is no apparent basis for the delay other than the pending security checks which is something out of his control and within the control of the Respondents.

## VII. CLAIMS FOR RELIEF

### Count One
### NATURALIZATION

52.     Mr. Wague re-alleges and incorporates by reference paragraphs 1 through 51 above.

53.     Mr. Wague seeks a determination by this U.S. District Court that he meets the requirements for naturalization and is to be naturalized as a United States Citizen without further delay. Pursuant to 8 U.S.C. §1447(b), this Court should exercise its authority to grant Plaintiff's naturalization application.

### Count Two
### FIFTH AMENDMENT

54.     Mr. Wague re-alleges and incorporates the paragraphs 1-53 above.

55.     Respondents' policies, practices, or customs violate Mr. Wague's Fifth Amendment substantive and procedural due process rights.

### Count Three
### MANDAMUS ACTION
### 28 U.S.C. § 1361

56.     Mr. Wague re-alleges and incorporates by reference paragraphs 1 through 55

above.

57.     Respondents are charged with the responsibility of administering and implementing the Immigration and Nationality Act. Respondents bear sole responsibility for providing a determination on any outstanding security checks so as to approve the naturalization application of Mr. Wague within the statutory framework and timeline.

58.     Respondents' failure to discharge their statutory obligations is injuring and has injured Mr. Wague from exercising rights available only to U.S. citizens and not lawful permanent residents of the Unite States. Such as: (1) the right to vote in an election; (2) the right to petition immediate relatives such as his parents; (3) the right to seek federal employment; and (4) the right to be able to travel outside of the U.S. for periods of more than six months.

59.     Respondents should be compelled to perform a duty owed to Mr. Wague. Namely, the clearance of the pending security checks and the non-discretionary adjudication of his naturalization application.  This duty is totally within the control of the Respondents and should have been done absent negligence.

## Count Four
## ADMINISTRATIVE PROCEDURES ACT
## 5 U.S.C. §§ 701 et seq.

60.  Mr. Wague re-alleges and incorporates by reference paragraphs 1 through 59 above.

61.     By failing to clear the security checks within the 120 day period after Mr. Wague's naturalization interview, Respondents' practices and procedures violate the Administrative Procedures Act ("APA") and constitute agency action that is arbitrary and capricious and not in accordance with law. 5 U.S.C. §§ 701 et seq.

62.     The APA requires administrative agencies to conclude matters presented to them "within a reasonable time." 5 U.S.C. §555.

63.     A U.S. District Court reviewing agency action may "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. §706(1). The Court may hold unlawful and set aside agency action that, inter alia, is found to be: "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 5 U.S.C. §706(2)(A); "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right," 5 U.S.C. §796(2)(C); or "without observance of procedure required by law," 5 U.S.C. 706(2)(D). "Agency action" includes, in relevant part, "an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." 5 U.S.C. §551(13).

64.     The failure of the Respondents to adjudicate the naturalization application within 120 days of the date of the naturalization interview on the basis of "outstanding security checks," in violation of 8 U.S.C. §1446(d) and 8 C.F.R. §335, violates the APA, 5 U.S.C. §555(b), 5 U.S.C. §§706(1), 706(2)(A), 706(2)(C), and 706(2)(D).

65.     The failure of the Respondents to timely complete outstanding security checks having full knowledge that USCIS requires the completion of such checks for adjudication of applications for naturalization of Mr. Wague violates the APA, 5 U.S.C. §555(b), 5 U.S.C. §§706(1), 706(2)(A), 706(2)(C), and 706(2)(D).

66.     The failure of the Respondents to set deadlines for completing outstanding security checks and to take all the other reasonable steps necessary to complete the adjudication of applications for naturalization of Mr. Wague in violation of 8 U.S.C. §1446(d) and 8 C.F.R. §335 violates the APA, 5 U.S.C. §555(b), 5 U.S.C. §§706(1), 706(2)(A), 706(2)(C), and 706(2)(D).

## Count Five
## DECLARATORY JUDGEMENT ACT

67.     Mr. Wague re-alleges and incorporates by reference paragraphs 1 through 66 above.

68.     Mr. Wague contends that Respondents actions are unconstitutional, violate the INA, and are arbitrary and capricious and seek a declaration to that effect. 28 U.S.C. § 2201.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Wague respectfully requests this Court to:

1.   Assume jurisdiction over this matter;

2.   Review *de novo* and grant Mr. Wague's application for naturalization. 8 U.S.C. §1447(b).

3.   Order Respondents to promptly adjudicate in a time period not to exceed 60 days, the currently pending application for naturalization.

4.  Declare that Respondents' policies, practices and customs which deprive Mr. Wague of his right to an adjudication of his naturalization application within the statutory 120 day timeframe violates the United States Constitution, the Immigration and Nationality Act and the Administrative Procedures Act;

5.  Declare that Respondents' practices violate legal duties owed to Mr. Wague under the Immigration and Nationality Act;

6.  Award Mr. Wague's counsel reasonable attorney's fees and costs pursuant to the Equal Access to Justice Act, 5 U.S.C. §504, 28 U.S.C. §2412; and Grant such other and further relief as may be just and proper.

Dated: June 14, 2021
        New York City, New York

                                          Respectfully submitted,
                                          */s/ Peter E. Torres, Esquire*
                                          Peter E. Torres, Esquire (PT2527)
                                          Attorney for the Petitioner

                                          Tidiane Wague
                                          112 East 23rd Street 5th Floor, Suite 500
                                          New York, New York 10010
                                          T. 1-917-312-3169
                                          F. 1-212-473-7864
                                          E. ptnyc@outlook.com

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**
_____

**Tidiana WAGUE,**
**(A# 087-985-149)**

                              *Petitioner*,                      **COMPLAINT**
                                                            **FOR WRIT OF MANDAMUS**
                **versus**                                                **Civ. 2021**

**U.S. Attorney General Merrick Garland, U.S.**
**Department of Homeland Security, Its Secretary**
**Alejandro Mayorkas, and U.S. Citizenship &**
**Immigration Services and Its Acting District**
**Director Tracy Renaud, and the Federal Bureau**
**of Investigation and Its Director Christopher A.**
**Wray,**

                                *Respondents.*
_____

---------------------------------------------------------------------------------

# COMPLAINT
# FOR WRIT OF MANDAMUS

---------------------------------------------------------------------------------

                    **Peter E. Torres, Esquire (PT 2527)**
                    **Attorney for the Petitioner**

                    **Tidiane Wague**
                    **112 East 23rd Street, Suite 500**
                    **New York, New York 10010**
                    **Telephone 1-917-312-3169**
                    **Telecopier 1-212-473-7864**
                    **Email     ptnyc@outlook.com**

13